IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MATTHEW P. WALLACE**                                                  **PLAINTIFF**

**VERSUS**                                             CAUSE NO. 3:16cv287-MPM-RP

**DESOTO COUNTY SCHOOL DISTRICT,**
**TANYA KECK, and DAN TURNAGE**                           **DEFENDANTS**

                                                                            **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages against Desoto County School District for deprivation of property and liberty without due process of law. Supplemental state law claims are made against the individual Defendants. The following facts support this action:

1.

Plaintiff, MATTHEW P. WALLACE, is an adult resident citizen of 7255 Wind Drive, Olive Branch, Mississippi 38654.

2.

Defendant DESOTO COUNTY SCHOOL DISTRICT (hereinafter "Defendant School District") is a political subdivision of the State of Mississippi. Defendant School District may be served with process through its Superintendent of Education, Cory Uselton, at 5 East South Street, Hernando, Mississippi 38632. Defendant School District acted under color of state law.

Defendant TANYA KECK (hereinafter "Defendant Keck") is an individual adult resident citizen of Desoto County, Mississippi. Defendant Keck is sued, individually, for state law violations only. Defendant Keck may be served with process by service upon her at her place of employment at Desoto County Schools (central office), 5 East South Street, Hernando, Mississippi 38632.

Defendant DAN TURNAGE (hereinafter "Defendant Turnage") is an individual adult resident citizen of Desoto County, Mississippi. Defendant Turnage is sued, individually, for state law violations only. Defendant Turnage may be served with process by service upon him at his place of employment at Desoto Central Middle School, 2611 Central Parkway, Southaven, Mississippi 38672.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended, and under the Fourteenth Amendment to the United States Constitution. This action is authorized by 42 U.S.C. § 1983. This Court has supplemental state law jurisdiction over Plaintiff's state law claims against Defendant Keck and Defendant Turnage.

4.

Plaintiff was employed by Defendant School District for approximately ten (10) years as head football coach. Except for his first two (2) years, Plaintiff consistently had winning seasons.

5.

Under state law, Plaintiff was entitled to notice by May 15, 2016 that his contract was not going to be renewed. Plaintiff did not receive any notice, and believes that he actually signed a contract for the 2016-2017 school year, although he did not retain a copy. Defendant School District maintains that Plaintiff did not have a signed contract. In any event, the parties had agreed Plaintiff was to be employed for 2016-2017 school year and, according to state law, Plaintiff was required to notice before May 15, 2016 if his contract were not going to be renewed. Plaintiff had, in effect,

been renewed for 2016-2017 school year. At all relevant times, Plaintiff had a "property" interest in his employment.

6.

Plaintiff is formerly married to Defendant Keck.

7.

During Plaintiff's marriage to Defendant Keck, Plaintiff signed into the Internet dating site called Ashley Madison. Although Plaintiff joined the site, Plaintiff never put any nude pictures of himself on the website, and never distributed any pictures of himself to anyone.

8.

Without Plaintiff's knowledge, Defendant Keck, utilizing Plaintiff's password, accessed the website and posted a nude picture of Plaintiff on the website. Thereafter, in order to interfere with Plaintiff's employment, for the purpose of humiliating Plaintiff, and because of her malice and animosity arising out of their divorce, Defendant Keck and/or her new boyfriend, Defendant Turnage, downloaded Plaintiff's nude picture from the website and caused it to be distributed to students and administrators within the Defendant School District.

9.

In further vendetta against Plaintiff, Defendants Keck and/or Turnage caused to be distributed a private picture of Plaintiff's girlfriend in a seminude position. This picture was also distributed among administration and faculty of Defendant School District.

10.

Plaintiff contacted his school principal, Cliff Johnson, and complained about the harassment. After being told that Plaintiff had nothing to do with the distribution of the nude pictures, Johnson assured Plaintiff that his employment would not be terminated.

11.

On approximately Thursday, August 11, 2016, State Representative Jeff Hale asked questions concerning Plaintiff's employment, and made some attempts to have Defendant School District terminate Plaintiff from his employment. Desoto County School District Superintendent Uselton responded that the Defendant School District could not take employment action against Plaintiff because it had no proof that Plaintiff had anything to do with the posting of the nude pictures. Thereafter, State Representative Hale apologized to Plaintiff and stated that when he questioned Plaintiff's employment, he did not realize that Plaintiff had no control over the nude pictures being sent to the students and faculty.

12.

Plaintiff informed Keith Treadway, the Defendant School District's attorney, that sexual harassment that was being carried out against Plaintiff by Defendants Keck and Turnage. Plaintiff made those complaints on Friday, August 12, 2016.

13.

On Saturday, August 13, 2016, Principal Johnston notified Plaintiff that he was stripped of his coaching duties, and asked Plaintiff to resign. Plaintiff refused to resign, but the principal did not fire Plaintiff at that time because he lacked authority to do so.

14.

On Monday, August 15, 2016, Associate Superintendent Van Alexander notified Plaintiff that he was fired because of "immoral conduct." No further explanation was given, but Plaintiff was told he could request a hearing.

15.

In accordance with his state law and Fourteenth Amendment due process rights, Plaintiff requested a due process hearing. See Letter of August 19, 2016, attached hereto as Exhibit "A."

16.

Defendant School District informed Plaintiff he would have a board hearing. Then, in violation of Plaintiff's due process rights, the Defendant refused to give him a hearing.

17.

Plaintiff had a Fourteenth Amendment property interest in his employment, and had a Fourteenth Amendment liberty right to clear his good name. It was widely disseminated that Plaintiff was terminated because he had published nude pictures. Defendant School District never clarified that Plaintiff had nothing to do with the publication of the nude pictures, and that the publication was the result of the vindictive actions of Defendant Keck and/or Defendant Turnage. Defendant School District, thus, denied Plaintiff both liberty and property without due process of law.

18.

Defendant Keck's unauthorized invasion of Plaintiff's social media account violates Mississippi criminal law, to-wit, MISS. CODE ANN. § 97-45-17. Despite Defendant School District's knowledge that Defendant Keck had been responsible for posting the nude picture, it did not fire or

otherwise reprimand Defendant Keck. This constitutes discrimination based on sex in violation of the Fourteenth Amendment equal protection clause. It also constitutes sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff requests to amend this Complaint to allege sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, when he receives the right-to-sue letter from EEOC.

19.

Plaintiff has lost future employment opportunities and is probably unemployable in the coaching field. Plaintiff has suffered damages to his reputation, and mental anxiety and stress, and lost income.

20.

Defendant School District is liable to Plaintiff for deprivation of property and liberty without due process, in violation of the Fourteenth Amendment to the United States Constitution, and for discrimination based upon sex in violation of the Fourteenth Amendment to the United States Constitution.

21.

Defendant Keck and/or Defendant Turnage are liable to Plaintiff for the Mississippi law torts of intentional interference with employment relations, invasion of privacy, and breach of contract.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages against Defendant School District, and actual and punitive damages against Defendant Keck and/or Defendant Turnage in an amount to be determined by a jury, and for reasonable attorneys' fees and expenses.

This the 9th day of December, 2016.

        Respectfully submitted,

        MATTHEW P. WALLACE, Plaintiff

By:   */s/ JIM WAIDE*
      JIM WAIDE
      MS Bar No. 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
P. O. BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
E-MAIL: waide@waidelaw.com

JOSEPH "WHIT" COOPER
FARESE, FARESE & FARESE, P.A.
P. O. BOX 98
ASHLAND, MISSISSIPPI 38603
TELEPHONE: 662-224-6211
FACSIMILE: 662-224-3229
EMAIL: wcooper@fareselaw.com

ATTORNEYS FOR PLAINTIFF